**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

DAVID STEVENS,

Plaintiff,

vs.

JANE DOE, *also known as Nurse Frichie*,

Defendants.

Civil Action No.: 9:26-547-MGL-MHC

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**TO THE EXTENT IT IS CONSISTENT WITH THIS ORDER**
**AND SUMMARILY DISMISSING THIS CASE WITHOUT PREJUDICE**

Plaintiff David Stevens filed this lawsuit pro se under 42 U.S.C. § 1983 alleging violations of his constitutional rights.

This matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge suggesting to the Court Stevens's case be dismissed without prejudice, without leave to amend, and without issuance and service of process for failing to state a claim. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 17, 2026. To date, Stevens has failed to file any objections to the recommendation.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein. Accordingly, it is the judgment of the Court Stevens's case is **DISMISSED WITHOUT PREJUDICE**.

The Court declines to follow the Magistrate Judge's recommendation to deny Stevens leave for amendment. This is so because the Fourth Circuit has held "a plaintiff has an absolute right to amend [his] complaint once before a responsive pleading has been filed and need not seek leave of court to do so." *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010). The Fourth Circuit went on to explain "[t]he plaintiff's right to amend once is absolute. Therefore, the district court abused its discretion in preventing [the plaintiff's] amendment as of right, and we reverse the district court on that ground." *Id.*

Here, Stevens has yet to serve the complaint, and the defendant accordingly has failed to file a responsive pleading. Stevens therefore has an absolute right to amend the complaint, and the Court declines the Magistrate Judge's suggestion to prohibit such amendment.

**IT IS SO ORDERED.**

Signed this 22nd day of October 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Stevens is hereby notified of his right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.